DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Brian Williams, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
 {¶ 2} Mr. Williams was indicted for one count of having a weapon under disability, in violation of R.C. 2923.13(B), with a firearm specification pursuant to R.C. 2941.145; and two counts of possession of cocaine, in violation of R.C. 2925.11(A), each with a firearm specification pursuant to R.C. 2941.145.
 {¶ 3} Mr. Williams filed a motion to suppress and dismiss. Prior to a ruling on the motion to suppress and dismiss, Mr. Williams entered into a plea agreement and pled guilty to one count of having a weapon under disability, a third degree felony; and one count of possession of cocaine, a first degree felony, with a firearm specification. The trial court sentenced Mr. Williams accordingly. Mr. Williams did not appeal his conviction.
 {¶ 4} On September 13, 2002, Mr. Williams filed a petition for post-conviction relief. The State filed a motion to dismiss the petition, which the trial court granted. It is from this decision that Mr. Williams now appeals.
 {¶ 5} Mr. Williams asserts three assignments of error. We will combine the first and third assignments of error for ease of review.
 First Assignment of Error
"Trial Court Erred When It Denied Appellant Claim Of Ineffective Assistance Of Counsel When Counsel Failed To Proceed On Motion To Suppress In Exchange For A Guilty Plea Rendering The Guilty Plea Involuntarily, Unknowingly And Unintelligently Made. Due To Ineffective Assistance Of Counsel." [sic.]
 Third Assignment of Error
"The Trial Court Erred When It Denied Appellant's Third Claim That Officers Failed To Comply With The Statutory And Constitutional Requirements Of The Knock And Announce Rule As Codified In Ohio Revised Code § 2935.12"
 {¶ 6} In his first and third assignments of error, Mr. Williams asserts that the trial court erred when it denied his petition for post-conviction relief based upon ineffective assistance of counsel. We disagree.
 {¶ 7} "An appellate court reviews a trial court's denial of a petition for post-conviction relief without a hearing under an abuse of discretion standard." State v. Ferko (Oct. 3, 2001), 9th Dist. No. 20608. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} A petitioner is not automatically entitled to a hearing on a petition for post-conviction relief pursuant to R.C. 2953.21. State v.Cole (1982), 2 Ohio St.3d 112, 113. R.C. 2953.21(C) states that "[b]efore granting a hearing *** the court shall determine whether there are substantive grounds for relief."
"When a petitioner asserts ineffective assistance of counsel in a petition for post-conviction relief, `the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.'" State v. Ross (June 18, 1997), 9th Dist. No. 96CA006601, quoting State v. Jackson (1980),64 Ohio St.2d 107, syllabus.
 {¶ 9} In his first assignment of error, Mr. Williams asserts that trial counsel was ineffective for failing to pursue the motion to suppress that was before the trial court when he entered into the plea agreement. In his third assignment of error, Mr. Williams avers that the trial court erred in denying the third claim in his petition for post-conviction relief. Mr. Williams' third claim is that trial counsel was ineffective for failing to pursue the motion to dismiss when the officers failed to comply with R.C. 2935.12. R.C. 2935.12 requires that officers give notice of their intention to execute a warrant prior to breaking down a door. In support of his claim, Mr. Williams attached his affidavit, in which he asserted that his trial counsel told him that if he pled guilty, "he would have my federal, parole violation time, ran together with my state time." Mr. Williams further asserts that, but for this agreement, he would not have pled guilty.
 {¶ 10} Mr. Williams failed to submit any evidentiary documents, apart from his self-serving affidavit, showing that his trial counsel was ineffective for failing to pursue the motion to suppress and dismiss. SeeState v. Kapper (1983), 5 Ohio St.3d 36, 38 (a defendant's own self-serving affidavits are inadequate to refute a record which shows a voluntary plea). Upon review of the record, Mr. Williams failed to demonstrate the required elements of an ineffective assistance of counsel claim. Consequently, the trial court's denial of Mr. William's petition, without an evidentiary hearing, was proper.
 {¶ 11} Mr. William's first and second assignments of error are without merit.
 Second Assignment of Error
"Trial Court Abused Its Discretion By Accepting Appellant's Guilty Plea When The Search Warrant Failed To Provide Basis For The Search Of Appellant And Probable Cause To Arrest."
 {¶ 12} In his second assignment of error, Mr. Williams asserts that the trial court erred by accepting his guilty plea when his arrest was not supported by probable cause. We disagree.
 {¶ 13} The standard of review of a trial court's denial of a petition for post-conviction relief is stated under the first and third assignments of error. "[A] plea of guilty precludes an appellate court from reviewing all appealable errors, unless such errors are shown to have prevented the defendant from voluntarily entering his plea pursuant to Crim.R. 11." State v. Yeager (June 1, 1994), 9th Dist. No. 16592.
 {¶ 14} The trial court found that Mr. Williams presented no evidence that he did not knowingly, intelligently, and voluntarily plead guilty. Mr. Williams has not provided this Court with a transcript of the sentencing proceedings. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court *** has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. We cannot say that the trial court erred in denying Mr. Williams' petition for post-conviction relief.
 {¶ 15} Mr. Williams' second assignment of error is not well taken.
 {¶ 16} Mr. Williams' assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
WHITMORE, J. CONCUR